1
2
3
4
5
6
7

8 # UNITED STATES DISTRICT COURT

9 ### EASTERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11 ALEX MOORE, | Case No.  1:15-cv-01317-BAM-PC |
| 12        Plaintiff, | ORDER DISMISSING COMPLAINT, WITH |
| | LEAVE TO AMEND, FOR FAILURE TO |
| 13      v. | STATE A COGNIZABLE CLAIM FOR |
| | RELIEF |
| 14 J. KATAVICH, et al., | |
| 15        Defendants. | |
| 16 | THIRTY-DAY DEADLINE |

17

18      Plaintiff is a state prisoner proceeding pro se and in forma pauperis pursuant to 42 U.S.C.

19 § 1983.  Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).[1]

20 Currently before the Court is Plaintiff's complaint, filed August 28, 2015.

21                                              **I.**

22                              **SCREENING REQUIREMENT**

23      The Court is required to screen complaints brought by prisoners seeking relief against a

24 governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).

25 The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

26 legally "frivolous or malicious," that "fail to state a claim on which relief may be granted," or

27 that "seek monetary relief against a defendant who is immune from such relief."  28 U.S.C. §

---

28 [1] Plaintiff consented to magistrate judge jurisdiction on September 8, 2015 (ECF No. 6.)

1    1915(e)(2)(B).

2         A complaint must contain "a short and plain statement of the claim showing that the

3    pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).   Detailed factual allegations are not

4    required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

5    conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(citing Bell

6    Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).   Moreover, Plaintiff must demonstrate

7    that each defendant personally participated in the deprivation of Plaintiff's rights.   Jones v.

8    Williams, 297 F.3d 930, 934 (9th Cir.2002).

9         Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings

10   liberally construed and to have any doubt resolved in their favor.   Wilhelm v. Rotman, 680 F.3d

11   1113, 1121 (9th Cir. 2012)(citations omitted).   To survive screening, Plaintiff's claims must be

12   facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer

13   that each named defendant is liable for the misconduct alleged.   Iqbal, 556 U.S. at 678-79; Moss

14   v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).   The "sheer possibility that a defendant

15   has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's

16   liability" falls short of satisfying the plausibility standard.   Iqbal, 556 U.S. at 678; Moss, 572

17   F.3d at 969.

18                                              **II.**

19                               **COMPLAINT ALLEGATIONS**

20        Plaintiff, an inmate in the custody of the California Department of Corrections and

21   Rehabilitation (CDCR) at CSP Corcoran, brings this lawsuit against defendant correctional

22   officials employed by the CDCR at Wasco State Prison, where the events at issue occurred.

23   Plaintiff names as Defendants Warden John Katavich and Sergeant Maddux.   Plaintiff claims

24   that his right to the free exercise of his religious beliefs are being violated in violation of the First

25   Amendment.

26        Plaintiff alleges that on November 25th, 27th and December 1st of 2014, Defendant

27   Maddux and "Wasco Prison Kitchen Staff" refused to feed Plaintiff his religious diet. (Compl. p.

28   3.)  Plaintiff specifically alleges that on December 1, 2014, Defendant Maddux provided a food

                                              2

1  tray to Plaintiff that violated Plaintiff's religious beliefs.   When Plaintiff refused the tray,

2  Maddux "threatened to let me starve, a threat which he made good on on more than one

3  occasion.  As a result I suffered stomach aches, stomach cramps, weight loss, and dizziness light

4  headedness." (Compl. p. 4.)   Plaintiff alleges that when finally served the food items that he

5  requested, many of the food items were missing, causing him to have smaller portions than the

6  rest of the prison population.  Plaintiff filed a CDCR Form 22 (Request for Interview) regarding

7  the withheld food.  A kitchen supervisor "came to address the issue yet compared my religious

8  diet to a vegetarian person's diet which was wrong because unlike a vegetarian I eat meat." (Id.)

9  Plaintiff makes generalized allegations that Defendant Maddux and "building officers"  willfully,

10  and intentionally withheld his food, "forcing me to starve." (Id.)

11                                               **III.**

12                                        **DISCUSSION**

13       **A.      First Amendment**

14       A person asserting a free exercise claim must show that the government action in

question substantially burdens the person's practice of their religion.  Graham v. C.I.R., 822 F.2d

844, 851 (9th Cir. 1987), aff's sub nom. Hernandez v. C.I.R., 490 U.S. 680, 699 (1989).  "A

substantial burden . . . place[s] more than an inconvenience on religious exercise; it must have a

tendency to coerce individuals into acting contrary to their religious beliefs or exert substantial

pressure on an adherent to modify his behavior and to violate his beliefs."  Ohno v. Yasuma, 723

F.3d 981, 1101 (9th Cir. 2013)(quoting Guru Nanak Sikh Soc'y of Yuba City v. Cnty. of Sutter,

456 F.3d 978, 998 (9th Cir. 2006)(internal quotation marks and alterations omitted).

       "The right to exercise religious practices and beliefs does not terminate at the prison

door.  The free exercise right, however, is necessarily limited by the fact of incarceration, and

may be curtailed in order to achieve legitimate correctional goals or to maintain prison security."

McElyea v. Babbitt, 833 F.2d 196, 197 (9th Cir. 1987)(per curiam)(citations omitted); see also

O'Lone v. Estate of Shabazz, 482 U.S. 342, 348 (1987); Shakur v. Schriro, 514 F.3d 878, 883-84

(9th Cir. 2008).  In order to implicate the Free Exercise Clause, the prisoner's belief must be both

sincerely held and rooted in religious belief.  Shakur, 514 F.3d at 885.

Here, it appears that Plaintiff is alleging that Defendant provided him with a vegetarian meal instead of a Halal (Muslim compliant) meal on three occasions.  Plaintiff does not, however, allege that a vegetarian meal is not Halal, or Muslim compliant.  Further, even if a vegetarian diet were to violate Plaintiff's religious beliefs, the facts alleged indicate that Defendant Maddux served the vegetarian diet on three distinct occasions.  Brief, sporadic food-delivery problems are insufficient to establish a substantial burden on plaintiff's free exercise of religion.  See Canell v. Lightner, 143 F.3d 1210, 1215 (9th Cir.1998) ( "relatively short-term and sporadic" intrusions did not constitute substantial interference with prisoner's free exercise of religion) (internal quotation marks omitted)); Taylor v. Pelican Bay, 2010 WL 2671989, at *8 (N.D.Cal. July 2, 2010) (holding that the failure to provide twenty-five religious diet meals to an inmate over a twenty-two-month period was insufficient to establish a substantial burden on the Free Exercise right); Thompson v. Boldt, 2015 WL 263478, at *11 (C.D.Cal. Jan. 21, 2015) (holding that "brief, sporadic food-delivery problems are insufficient to establish a substantial burden on Plaintiff's free exercise of religion") (on appeal); see also Davitashvili v. Schomig, 2012 WL 12767, at *12–13 (D. Ariz. Jan. 4 2012) (plaintiff's receipt of nonkosher meals "on some occasions" did not violate First Amendment or RLUIPA because "no evidence ... show[ed] that these instances were anything more than periodic service-delivery related problems").  The Court finds that such allegations, even liberally construed, do not establish a substantial burden on the exercise of Plaintiff's religious beliefs.  Plaintiff therefore fails to state a claim against Defendant Maddux for a First Amendment violation.

**B.     Eighth Amendment**

Aside from religious beliefs, the fact that prison staff provides an inmate with a vegetarian diet instead of a diet containing meat does not subject staff to liability.   "The Eighth Amendment requires only that prisoners receive food that is adequate to maintain health; it need not be tasty or aesthetically pleasing." LeMaire v. Maass, 12 F.3d 1444, 1456 (9th Cir. 1993); see also  Foster v. Runnels, 554 F.3d 807, 812-13 (9th Cir. 2009); Johnson v. Lewis, 217 F.3d 726, 732 (9th Cir. 2000).  "The fact that the food occasionally contains foreign objects or

sometimes is served cold, while unpleasant, does not amount to a constitutional deprivation." LeMaire, 12 F.3d at 1456 (citation and internal quotations omitted).

The Court finds Plaintiff's allegations that Defendant Maddux and prison staff have intentionally withheld his food fails to state a claim.  Plaintiff alleges that he has suffered physical effects from lack of food, but fails to allege specific facts indicating that Defendant Maddux systematically and intentionally prohibited Plaintiff from eating, or intentionally interfered with the delivery of Plaintiff's meals.  The deprivation or harm suffered by the prisoner must have been "sufficiently serious," that is, "the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." Farmer v. Brennan, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). And second, the "prison official must have a 'sufficiently culpable state of mind,' " that is, "one of 'deliberate indifference' to inmate health or safety.'" Farmer, 511 U.S. at 834.  That Plaintiff may have refused a meal on a specific occasion does not subject Defendant Maddux to liability under the Eighth Amendment.  Plaintiff must allege facts indicating that, on specific occasions, Defendant Maddux engaged in conduct that interfered with or prohibited Plaintiff from receiving food that is adequate to maintain health.  Plaintiff has failed to do so here.  Plaintiff therefore fails to state a claim against Defendant Maddux for an Eighth Amendment violation.

## C.    Supervisory Liability

Plaintiff names as a Defendant Warden Katavich.  Government officials may not be held liable for the actions of their subordinates under a theory of respondeat superior.  Ashcroft v. Iqbal, 556 U.S. 662, 673 (2009).  Since a government official cannot be held liable under a theory of vicarious liability for section 1983 actions, Plaintiff must plead that the official has violated the Constitution through his own individual actions.  Id. at 673.  In other words, to state claim for relief under section 1983, Plaintiff must link Defendant Katavich with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.   Plaintiff has failed to do so here.  Plaintiff therefore fails to state a claim against Defendant Katavich.

**IV.**

**CONCLUSION AND ORDER**

For the reasons stated, Plaintiff's complaint fails to state a claim upon which relief may be granted.  Plaintiff is granted leave to file an amended complaint within thirty (30) days.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007)(no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Iqbal, 556 U.S. 662, 678.  "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation."  Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ."  Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in and of itself without reference to the prior or superseded pleading," Local Rule 220.  "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived."  King, 814 F.2d at 567 (citing to London v. Coopers Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1.      The Clerk's Office shall send to Plaintiff a civil rights complaint form;

2.      Plaintiff's complaint, filed August 28, 2015, is dismissed for failure to state a claim;

3.      Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a an amended complaint; and

///

///

///

1    4.    If Plaintiff fails to file an amended complaint in compliance with this order, this

2         action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:    **December 18, 2015**                    /s/ *Barbara A. McAuliffe*

UNITED STATES MAGISTRATE JUDGE