**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ALEX MOORE, | ) Case No.: 1:15-cv-01317-BAM (PC) |
| Plaintiff, | ) |
| | ) ORDER DISMISSING ACTION, WITH |
| v. | ) PREJUDICE, FOR FAILURE |
| | ) TO OBEY A COURT ORDER AND FAILURE |
| J. KATAVICH, et. al., | ) TO STATE A CLAIM |
| Defendants. | ) |

**Findings and Recommendations**

Plaintiff Alex Moore, a prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983, initiated this action on August 28, 2015.[1]  On December 18, 2015, the Court dismissed Plaintiff's complaint with leave to amend within thirty days.  (ECF No.7.)  The deadline for Plaintiff to file his amended complaint has passed, and he has not complied with the Court's order.

---

[1] Plaintiff filed a consent to proceed before a magistrate judge on September 8, 2015. (ECF No. 6.)

1

Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Malone v. U.S. Postal Service, 833 F.2d 128, 130-33 (9th Cir. 1987) (dismissal for failure to comply with court order).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856 F.2d 1439 (9th Cir. 1988).

The Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal. This action has been pending since August 28, 2015. The Court dismissed Plaintiff's complaint with leave to amend, and provided him with an opportunity to file an amended complaint. Plaintiff has not complied with the Court's December 18, 2015, order. The Court cannot hold this case in abeyance awaiting compliance by Plaintiff. The third factor, risk of prejudice to defendant, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—public policy favoring disposition of cases on their merits—is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, the court's warning to a party that the failure to obey the court's order will result in dismissal with prejudice satisfies the "considerations of the alternatives" requirement. Ferdik, 963 F.2d at 1262; Malone, 833 at 132-

133; Henderson, 779 F.2d at 1424.  The Court's December 18, 2015 order granting Plaintiff leave to amend his complaint expressly stated, "If Plaintiff fails to comply with this order, the Court will dismiss this action with prejudice for failure to state a claim."  (ECF No.7 at 7:2.)  Thus, Plaintiff had adequate warning that dismissal with prejudice could result from his noncompliance with the Court's order.

     Accordingly, IT IS HEREBY ORDERED that:

1. This action is dismissed with prejudice based on Plaintiff's failure to comply with the Court's December 18, 2015, order and for failure to state a claim.
2. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

    Dated:   **February 1, 2016**          /s/ Barbara A. McAuliffe
                                              UNITED STATES MAGISTRATE JUDGE